BANCAMERICA-BLAIR CORPORATION *vs.* JOSEPHINE BAKER NAPHEN.

JUNE 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

BAKER, J. This action of the case in assumpsit was heard in the superior court by a justice thereof sitting without a jury. He rendered a decision for the plaintiff in the sum of $31,315.71, and the defendant thereupon prosecuted her bill of exceptions to this court. The exception principally relied on by her is to the decision of the trial justice.

The plaintiff's declaration was in three counts. The third count was withdrawn. The first count declared on a judgment entered in the supreme court of the state of New York against the defendant in favor of the plaintiff. The second

count was on an alleged written guaranty by the defendant of a certain promissory note made by Naphen & Co., Incorporated, to the plaintiff. To the first count the defendant filed a plea of no such record and two additional pleas, one denying that the supreme court of the state of New York had jurisdiction over the person of the defendant or that personal service was made upon her, and the other alleging payment of the obligations of Naphen & Co., Incorporated. To the second count the defendant pleaded the general issue.

At the trial the defendant offered no evidence and made no attempt to substantiate its plea of payment. The decision of the trial justice was based solely upon the first count of the plaintiff's declaration. The principal facts as they appeared from the plaintiff's evidence were as follows. The business of Naphen & Co., Incorporated, was controlled and conducted by the defendant's husband George F. Naphen. In 1930 negotiations were entered into by the plaintiff and George F. Naphen concerning certain financial dealings and transactions which they had previously had with each other. As a result of these negotiations a note for $30,000, dated August 8, 1930, was given to the plaintiff by Naphen & Co., Incorporated, as maker. On the same date the defendant gave the plaintiff a written guaranty of this note. She also agreed to give the plaintiff, as security for the payment of such note and guaranty, a mortgage upon her real estate and appurtenances located at a given address in New York city. In view of the fact, however, that the defendant did not wish to have such a mortgage recorded, it was, in a short time, arranged by the parties interested to have her transfer the real estate in question to a corporation newly organized for the purpose of holding title to such real estate. All the stock in this new corporation was held by the plaintiff, the officers of which were also the officers of the new corporation.

The note of August 8, 1930, signed by Naphen & Co., Incorporated, was a demand note. By 1935 this note had not

been paid, nor had the defendant paid the sum due there-under, in pursuance of the terms of her written guaranty. The plaintiff, therefore, brought action against the defendant in New York on such guaranty, and a default judgment was entered against her in favor of the plaintiff on October 21, 1935. Subsequently, following negotiations between the parties, an agreement in the form of a letter, bearing date December 19, 1935, was entered into by the plaintiff and the defendant. Upon receipt of this letter, after its acceptance by the defendant, the plaintiff transferred to her all the shares of stock in the corporation which had been formed to take title to her New York real estate, and all the officers of that corporation resigned their offices. The defendant was then elected president of the corporation in question, and her nominees were elected to the other offices therein. Also, pursuant to the provisions of the above-mentioned agreement, the present action was instituted in the superior court of this state for Washington county. The writ in this action was returnable to that court January 14, 1936, and under it certain real estate belonging to the defendant in the town of Narragansett was attached.

At the trial of this case the plaintiff proved its New York judgment by the introduction of a copy of the same, duly exemplified. This judgment was as follows: "The summons and verified complaint in this action having been served on defendant on the 2nd day of August, 1935, pursuant to an order for substituted service, and the time for said defendant to appear, answer or make any motion with respect to the complaint herein having fully expired, and said defendant not having appeared or answered or so moved herein, and the testimony of plaintiff having been taken and sworn to before this Court on the 18th day of October, 1935, and an order having been made and entered herein on the 21st day of October, 1935, directing the Clerk to enter judgment herein, it is hereby ADJUDGED that Bancamerica-Blair Corporation, of 44 Wall St. N. Y. C. the plaintiff, do recover

of Josephine Baker Naphen, the defendant, the sum of $39,355.07, the amount claimed and interest, with $36.85 costs and disbursements, amounting in the whole to the sum of $39,391.92, and that said plaintiff have execution therefor."

The defendant contends that the decision of the trial justice was erroneous in that the plaintiff did not prove the New York judgment with the necessary completeness. She maintains that the proof must show the subject matter of the cause of action in New York, and the jurisdiction which the court in that state had over the defendant. She urges that substituted service on the defendant was not sufficient in those proceedings. She argues that these two matters must satisfactorily appear in the record of the New York judgment, as proved in this case, before the plaintiff is entitled to recover here on such judgment. On the other hand, the plaintiff contends, in substance, that it has properly and sufficiently proved herein its New York judgment, and that the production of an exemplified copy thereof raises a presumption of regularity, and is *prima facie* evidence of a valid judgment. The parties herein have cited to us numerous authorities which they argue support their respective positions.

However, on the view we take of the case upon the record before us, it is not necessary for us to pass upon the issues raised by the defendant concerning the form and sufficiency of the proof of the New York judgment. We are clearly of the opinion that the defendant is estopped, by her conduct and by her agreement of December 19, 1935 with the plaintiff, from setting up in this case, as a defense to the judgment in question, the matters she has urged upon us.

The terms of the said agreement, for which there was ample consideration, are embodied in a letter bearing the above date and directed to the defendant by the plaintiff and accepted by the former. This letter is as follows:

"December 19, 1935

Mrs. Josephine Baker Naphen,
New York, N. Y.

Dear Madam:

This will confirm the settlement between us as follows:

You agree that you will take no steps to set aside a default judgment which has been entered against you by us in the Supreme Court of New York for the County of New York, in the amount of $39,391.92, and acknowledge that you are indebted to us in the said amount, which you agree to pay, with interest at the rate of 3½% per annum from October 21, 1935, as follows:

$10,000.00 is paid by you herewith, the receipt whereof is acknowledged by us.

The remainder thereof, with interest thereon as aforesaid, shall be paid on or before December 19, 1936.

You state that you are the owner of a certain house and premises known as 'Rock Ledge', occupying Lot No. 29 of Assessor's Plat 'G' and located at Narragansett Pier, Rhode Island, and that the same is free and clear of encumbrances, except taxes in the amount of approximately $1,171.80.

You agree to appoint an attorney in Rhode Island to appear on your behalf in an action in the Superior Court of Rhode Island for Washington County on the said New York judgment, commenced by writ of attachment, which attorney will assist us in securing and maintaining such attachment as a valid first charge against the property subject only to taxes.

We will enter a judgment in the Rhode Island proceeding based upon the New York judgment, and agree that we will take no proceedings or action of any kind to enforce such judgment or to enforce the aforesaid New York judgment, or to collect the amount thereof

or the balance due thereon as above set forth, until December 19, 1936, except as herein stated, unless you shall make an assignment for the benefit of creditors or shall be adjudicated a bankrupt.

Upon the payment of the balance of said sum of $39,391.92, with interest as provided herein, we agree that we will execute any and all papers necessary to satisfy or vacate the said New York judgment and any judgment which may be entered in the State of Rhode Island and to vacate the said attachment.

Any delay in exercising any rights hereunder by you or ourselves shall not operate as a waiver of such rights.

This letter is written in two counterparts. Please acknowledge your acceptance hereof by signing the acceptance on one of the two counterparts.

Very truly yours,
BANCAMERICA-BLAIR CORP.,
H. R. COULTER,
Vice President.

Accepted, December 19, 1935.
JOSEPHINE BAKER NAPHEN."

The defendant argues that by this letter she merely agreed not to attack directly in New York the judgment involved, but did not agree not to question it collaterally. We are unable to accept this narrow construction of the agreement. It must be considered as a whole, in view of the previous dealings of the parties, and in the light of all the surrounding facts and circumstances as they appear in evidence.

The judgment against the defendant in New York was on her written guaranty of August 8, 1930. Under the agreement of December 19, 1935, the plaintiff received a payment from the defendant of $10,000 on account of her indebtedness under the judgment, and the defendant obtained a promise from the plaintiff that it would make no further attempt to collect the balance of its claim until after December 19, 1936, except under certain named conditions. It

is not disputed that the plaintiff has kept its part of the agreement. Further, apparently to the mutual satisfaction of both parties, the attachment on the defendant's property in this state was substituted for the security which the plaintiff held through the control of the corporation which had title to the defendant's New York property.

The record also shows that, under date of December 19, 1935, in furtherance of the plan outlined in the agreement, the defendant appointed an attorney in this state to represent her in the present action and to accept service of papers on her behalf. On January 2, 1936, he accepted service of the writ of attachment in the instant case. It is not reasonable to conclude that the parties, in substituting one form of security for another, had in contemplation that the New York judgment was to be open to attack by the defendant in the proceedings on that judgment in this state. We must assume that the parties were acting in good faith toward each other. The plaintiff's statement in its letter of December 19, 1935, "We will enter a judgment in the Rhode Island proceeding based upon the New York judgment, . . . .", which proposition was accepted by the defendant, can only be reasonably construed as a recognition by the defendant of the validity of the New York judgment, and as a consent to the entry in this state of a judgment based on the first judgment. After the plaintiff had released the security it held for the collection of its New York judgment, under the circumstances, that judgment would be of little value to the plaintiff if it could not be enforced outside of that state. Since the defendant agreed that she would not attempt to set aside the judgment entered against her in New York, thereby making such judgment final and conclusive, it is not reasonable, under all the facts appearing herein, to hold that the plaintiff is now not in a position to enforce that judgment in this action. The defendant should not be permitted to change her position to the detriment of the plaintiff's rights, especially when the plaintiff relied

upon her conduct and agreement to its own disadvantage and to her advantage. See *Burke* v. *Barnum & Bailey,* 40 R. I. 71.

The defendant has questioned the correctness of the amount of the decision as found by the trial justice, particularly in connection with the interest allowed. We have examined his rescript and also the transcript of the testimony on this point and find no error in the computations. In our opinion the decision of the trial justice was correct. The above disposition of the defendant's exception to the decision of the trial justice makes it unnecessary to consider further her other exceptions.

The defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the decision.

*Tillinghast, Collins & Tanner, James C. Collins, Westcote H. Chesebrough,* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Benjamin R. Sturges,* for defendant.